# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CELESTINE CLARICE HOWARD,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, CITIBANK,
N.A., COMENITY BANK,
SYNCHRONY BANK, and WELLS
FARGO BANK, N.A.,

     Defendants.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, CELESTINE CLARICE HOWARD (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), CITIBANK, N.A. (hereinafter "Citibank"), COMENITY BANK (hereinafter "Comenity"), SYNCHRONY BANK (hereinafter "Synchrony"), and WELLS FARGO BANK, N.A. (hereinafter "Wells Fargo") (hereinafter collectively "Defendants"), and in support thereof respectfully

alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

<u>**JURISDICTION AND VENUE**</u>

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Cabarrus County, North Carolina. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Citibank is an FDIC insured national bank headquartered at 380-390 Greenwich Street, New York City, New York 10013 that upon information and belief conducts business in the State of Georgia.

20.     Citibank is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.     Citibank furnished Plaintiff's information to the CRAs which was inaccurate.

22.     Comenity is an FDIC insured state-chartered bank headquartered at 1 Righter Parkway, Suite 100, Wilmington, Delaware 19803 that upon information and belief conducts business in the State of Georgia.

23.     Comenity is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

24.     Comenity furnished Plaintiff's information to the CRAs which was inaccurate.

25.     Synchrony is an FDIC insured state-chartered bank headquartered at 215 S State Street, Suite 1000, Salt Lake City, Utah 84111 that upon information and belief conducts business in the State of Georgia.

26.     Synchrony is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

27.     Synchrony furnished information about Plaintiff to the CRAs that was inaccurate.

28.     Wells Fargo is an FDIC insured national bank headquartered at 420 Montgomery Street, San Francisco, California 94104 that upon information and belief conducts business in the State of Georgia.

29.     Wells Fargo is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

30.     Wells Fargo furnished information about Plaintiff to the CRAs that was inaccurate.

## **FACTUAL ALLEGATIONS**

31.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

32.     Plaintiff has been a victim of identity theft for several years.

33.     In or about September/October 2023, Plaintiff first became aware of the identity theft when she started to receive mail regarding accounts which she did not recognize, including but not limited to Wells Fargo, partial account number ending in x8750.

34.     Shortly thereafter, Plaintiff contacted Wells Fargo for additional information and to dispute the account ending in x8750 which did not belong to her.

35.     Shortly thereafter, Plaintiff contacted Equifax to dispute the erroneous Wells Fargo, partial account number ending in x8750, and advised it did not belong to her.

36.     Plaintiff did not receive dispute results from Equifax. However, upon review of her updated Equifax credit report, Plaintiff observed that Wells Fargo, partial account number ending in x8750, continued to be reported with a comment which indicated it was previously disputed and verified as accurate.

37.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

38.     Equifax never attempted to contact Plaintiff during the alleged investigation.

39.     Upon information and belief, Equifax notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

40.     On or about April 4, 2024, Plaintiff obtained copies of her credit reports from Equifax and Trans Union. Plaintiff attempted to obtain a copy of her Experian credit report but received a message that her credit report was not available. Upon review, Plaintiff observed seven (7) accounts appearing on her credit file which did not belong to her:

| Furnisher | CRA | Account | Status |
|---|---|---|---|
| Citibank | Equifax, Trans Union | x6911 | Opened 11/2015; Balance $2,934 |
| Comenity/Torrid | Equifax, Trans Union | x0182 | Opened 9/2017 |
| Synchrony/Amazon | Equifax, Trans Union | x0263 | Opened 11/2015; Balance $128 |
| Synchrony Networks | Equifax, Trans Union | x6660 | Opened 12/2011 |
| Synchrony Networks | Equifax, Trans Union | x0791 | Opened 5/2018; Closed |
| Wells Fargo | Equifax, Trans Union | x8750 | Opened 6/2015; Balance $4,151 |
| Wells Fargo | Equifax, Trans Union | x7458 | Opened 6/2015; Balance $2,253 |

41.     On or about April 12, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 171676162. In this report, she explained that she was a victim of identity theft and that the aforementioned erroneous and fraudulent accounts had been opened under her name and were listed in her credit report.

42.     Due to the inaccurate reporting, on or about April 18, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft and that the aforementioned accounts did not belong to her. To confirm her identity, Plaintiff included an image of her driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

43.     Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (7022 2410 0002 5319 4950), Experian (7022 2410 0002 5319 4943), and Trans Union (7022 2410 0002 5319 4936).

44.     On or about May 17, 2024, Plaintiff received dispute results from Trans Union which stated the following as to the aforementioned erroneous accounts.

| **Furnisher** | **Account** | **Dispute Results** |
| --- | --- | --- |
| Citibank | x6911 | Verified as accurate |
| Comenity/Torrid | x0182 | Verified as accurate |
| Synchrony/Amazon | x0263 | Deleted |
| Synchrony Networks | x6660 | Verified as accurate |
| Synchrony Networks | x0791 | Deleted |
| Wells Fargo | x8750 | Verified as accurate |
| Wells Fargo | x7458 | Deleted |

45.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

46.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

47.     Upon information and belief, Trans Union notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

48.     Upon information and belief, Trans Union notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

49.     Upon information and belief, Trans Union notified Synchrony of Plaintiff's dispute. However, Synchrony failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

50.     Upon information and belief, Trans Union notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

51.     On or about May 22, 2024, Plaintiff received dispute results from Experian which stated the following as to the aforementioned erroneous accounts.

| **Furnisher** | **Account** | **Dispute Results** |
|---|---|---|
| Citibank | x6911 | Verified as accurate |
| Comenity/Torrid | x0182 | Verified as accurate |
| Synchrony/Amazon | x0263 | Deleted |
| Synchrony Networks | x6660 | No results |
| Synchrony Networks | x0791 | Not reported |
| Wells Fargo | x8750 | Verified as accurate |
| Wells Fargo | x7458 | Not reported |

52.     Plaintiff did not receive dispute results from Experian regarding Synchrony Networks, partial account number ending in x6660. However, upon review of her updated Experian credit report, Plaintiff observed that the aforementioned Synchrony account continued to appear in her credit file.

53.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

54.     Experian never attempted to contact Plaintiff during the alleged investigation.

55.     Upon information and belief, Experian notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

11

56.     Upon information and belief, Experian notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

57.     Upon information and belief, Experian notified Synchrony of Plaintiff's dispute. However, Synchrony failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

58.     Upon information and belief, Experian notified Wells Fargo of Plaintiff's dispute. However, Well Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

59.     Despite confirmation of delivery on April 22, 2024, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Equifax. However, upon review of her updated Equifax credit report, Plaintiff observed the following as to the disputed erroneous accounts.

| **Furnisher** | **Account** | **Dispute Results** |
|---|---|---|
| Citibank | x6911 | Still reported |
| Comenity/Torrid | x0182 | Still reported |
| Synchrony/Amazon | x0263 | Not reported |
| Synchrony Networks | x6660 | Not reported |

| **Furnisher** | **Account** | **Dispute Results** |
|---|---|---|
| Synchrony Networks | x0791 | Not reported |
| Wells Fargo | x8750 | Still reported |
| Wells Fargo | x7458 | Not reported |

60.     Plaintiff provided enough information to Equifax to identify her file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

61.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

62.     Equifax never attempted to contact Plaintiff during the alleged investigation.

63.     Upon information and belief, Equifax notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

64.     Upon information and belief, Equifax notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

65.     Upon information and belief, Equifax notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

66.     On or about May 29, 2024, Plaintiff obtained updated copies of her credit reports from the CRAs, and upon review, Plaintiff observed that the following four (4) erroneous accounts continued to be reported.

| Furnisher | CRA | Account | Status |
|---|---|---|---|
| Citibank | Equifax, Experian, Trans Union | x6911 | Opened 11/2015; Balance $2,934 |
| Comenity/Torrid | Equifax, Experian, Trans Union | x0182 | Opened 9/2017 |
| Synchrony Networks | Experian, Trans Union | x6660 | Opened 12/2011 |
| Wells Fargo | Equifax, Experian, Trans Union | x8750 | Opened 6/2015; Balance $4,295 |

67.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the fraudulent accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

68.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

14

69.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

70.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Reduction in credit score; and

     v.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

## COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

15

71.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

72.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

73.     Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

74.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

75.     Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

76.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

77.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

78.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

79.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

80.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

17

81.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

82.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

83.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

84.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

85.    Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

86.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

87.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

88.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

89.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

90.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

91.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

92.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

93.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

94.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to respond to Plaintiff's disputes.

95.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

96.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

97.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

98.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

99.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

100.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

101.   Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to respond to Plaintiff's disputes.

102.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

103.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

104.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

105.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

106.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

107.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

108.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

109.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

110.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

111.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

112.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

113.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

114.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

115.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

116.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

117.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

118.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

119.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

120.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

26

121.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

122.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

123.   Experian selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

124.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

125.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

126.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

128.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

129.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

130.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

131.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

132.  Upon  information  and  belief,  Experian  does  not  allow  its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

133.   Experian  selects  to  just  parrot  the  information  provided  by  the Furnisher(s) and to avoid conducting re-investigations.

134.   Experian  chooses  the  illegitimate  parroting  of  information  despite consumers (like Plaintiff) providing ample evidence.

135.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

136.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

137.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

138.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

139.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

140.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter

and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

141.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

142.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

143.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

144.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

145.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

146.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

147.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

148.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

149.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

150.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

151.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

152.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

153.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

154.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

155.   Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

156.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

157.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

158.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

159.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

160.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

161.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

162.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

163.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

164.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

165.   Trans Union selects to just parrot the information provided by the Furnisher(s)  and to avoid conducting re-investigations.

166.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

167.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

168.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

169. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

170. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

171. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

172. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter

and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

173.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

174.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

175.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

176.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-

judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

177.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

178.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

179.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

180.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

181.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

182.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Citibank, N.A. (Negligent)

183.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

184.   Citibank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

40

185.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

186.   Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the account was fraudulent.

187.   Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

188.   Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

189.   As a direct result of this conduct, action, and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

190.   The conduct, action, and inaction of Citibank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

191.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual damages against Defendant, CITIBANK, N.A.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XVI**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Citibank, N.A. (Willful)**

192.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

193.    Citibank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

194.    After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

195.    Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the account was fraudulent.

196.    Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further,

even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

197.   Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

198.   As a direct result of this conduct, action, and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

199.   The conduct, action, and inaction of Citibank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

200.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CITIBANK, N.A.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XVII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Comenity Bank (Negligent)**

201.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

202.   Comenity furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

203.   After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

204.   Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the account was fraudulent.

205.   Comenity did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Comenity by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

206.   Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

207.   As a direct result of this conduct, action, and/or inaction of Comenity, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

208.   The conduct, action, and inaction of Comenity was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

209.   Plaintiff is entitled to recover costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual damages against Defendant, COMENITY BANK; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Comenity Bank (Willful)

210.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

211.   Comenity furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

212.   After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

213.   Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the account was fraudulent.

214.   Comenity did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Comenity by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

215.   Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

216.   As a direct result of this conduct, action, and/or inaction of Comenity, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

217.   The conduct, action, and inaction of Comenity was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

218.   Plaintiff is entitled to recover costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, COMENITY BANK; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIX
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Synchrony Bank (Negligent)

219.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

220.   Synchrony furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

221.   After receiving Plaintiff's disputes, Synchrony violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the

erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

222.    Plaintiff provided all the relevant information and documents necessary for Synchrony to have identified that the accounts were fraudulent.

223.    Synchrony did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Synchrony by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

224.    Synchrony violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

225.    As a direct result of this conduct, action, and/or inaction of Synchrony, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

226.    The conduct, action, and inaction of Synchrony was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

227.    Plaintiff is entitled to recover costs and attorney's fees from Synchrony in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual damages against Defendant, SYNCHRONY BANK; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Synchrony Bank (Willful)

228.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

229.   Synchrony furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

230.   After receiving Plaintiff's disputes, Synchrony violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

231.   Plaintiff provided all the relevant information and documents necessary for Synchrony to have identified that the accounts were fraudulent.

232.   Synchrony did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Synchrony by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence

and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

233.   Synchrony violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

234.   As a direct result of this conduct, action, and/or inaction of Synchrony, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

235.   The conduct, action, and inaction of Synchrony was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

236.   Plaintiff is entitled to recover costs and attorney's fees from Synchrony in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, SYNCHRONY BANK; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XXI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Wells Fargo Bank, N.A. (Negligent)

237.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

238.   Wells Fargo furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

239.   After receiving Plaintiff's disputes, Wells Fargo violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

240.   Plaintiff provided all the relevant information and documents necessary for Wells Fargo to have identified that the accounts were fraudulent.

241.   Wells Fargo did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Wells Fargo by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

242.   Wells Fargo violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

243.   As a direct result of this conduct, action, and/or inaction of Wells Fargo, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

244.   The conduct, action, and inaction of Wells Fargo was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

245.   Plaintiff is entitled to recover costs and attorney's fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual damages against Defendant, WELLS FARGO BANK, N.A.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XXII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Wells Fargo Bank, N.A. (Willful)

246.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

247.   Wells Fargo furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

248.   After receiving Plaintiff's disputes, Wells Fargo violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

249.   Plaintiff provided all the relevant information and documents necessary for Wells Fargo to have identified that the accounts were fraudulent.

250.   Wells Fargo did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Wells Fargo by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

251.   Wells Fargo violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

252.   As a direct result of this conduct, action, and/or inaction of Wells Fargo, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

253. The conduct, action, and inaction of Wells Fargo was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

254. Plaintiff is entitled to recover costs and attorney's fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, WELLS FARGO BANK, N.A.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CELESTINE CLARICE HOWARD, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CITIBANK, N.A., COMENITY BANK, SYNCHRONY BANK, and WELLS

FARGO BANK, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 5th day of June 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*